**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jack Lewis THOMAS, Defendant–Appellant.**

No. 02–2391.

United States Court of Appeals, Sixth Circuit.

March 8, 2013.

Before: BOGGS and DAUGHTREY, Circuit Judges.

PER CURIAM.

Defendant-appellant Jack Thomas was convicted of two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of possessing a firearm in furtherance of a crime of violence (the second bank robbery), in violation of 18 U.S.C. § 924(c). The district court sentenced Thomas to concurrent terms of 135 months' imprisonment for each count of bank robbery, followed by a mandatory consecutive term of 84 months' imprisonment for the § 924(c) count. Thomas appealed, and we affirmed. *United States v. Thomas,* 105 F. App'x 773, 775 (6th Cir. 2004). Thomas has moved for rehearing, asking that we vacate his sentence and remand to the district court for re-sentencing.

We agree, and the government concedes, that Thomas is entitled to a remand and re-sentencing under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Booker* applies to all cases on direct review, *id.* at 268, 125 S.Ct. 738, including cases such as Thomas's for which a petition for rehearing or rehearing en banc is pending. At Thomas's original sentencing hearing, the district court treated the Sentencing Guidelines as mandatory, which, after *Booker,* constitutes plain error. *See United States v. Barnett,* 398 F.3d 516, 525–26, 529–30 (6th Cir. 2005). Because there is no clear and specific evidence that the district court would have imposed the same sentence post-*Booker,* Thomas's case must be remanded for the district court to re-sentence him under the procedures set out in *Booker. See also United States v. McFalls,* 675 F.3d 599, 604–05 (6th Cir.2012).